FILED
United States Court of Appeals
Tenth Circuit

September 30, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

THOMAS A. MOORE,

       Petitioner–Appellant,

v.

DAVID MILLER, Warden,

       Respondent–Appellee.

No. 11-6181
(D.C. No. 5:11-CV-00586-F)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

Thomas Moore, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

petition. We deny a COA and dismiss the appeal.

**I**

According to his habeas petition, Moore was convicted of first degree robbery in

Oklahoma state court following a guilty plea. He was sentenced to twenty-five years'

imprisonment on September 16, 2005, and a judgment of conviction was entered the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

same day.  Moore did not appeal.  However, he filed an application for state post-conviction relief on December 8, 2010.  That petition was denied on January 6, 2011.  On April 25, 2011, the Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief.

Moore filed a § 2254 petition on May 20, 2011.  He claimed his counsel was ineffective by advising him that he would be eligible for a sentence of ten years' imprisonment with fifteen years' suspended sentence.  A magistrate judge recommended that the petition be dismissed as untimely.  After providing Moore an opportunity to respond, the district court adopted the magistrate judge's recommendation and dismissed Moore's petition.

## II

Moore may not appeal the district court's decision unless this court grants him a COA.  28 U.S.C. § 2253(c)(1)(A).  We will grant a COA only if Moore can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

AEDPA imposes a one-year limitations period on habeas petitions filed by state prisoners.  § 2244(d).  This period generally runs from the date a conviction became final.  See § 2244(d)(1).  Moore's conviction became final on September 26, 2005, when the time period during which he could move to withdraw his guilty plea expired.  See Okla.

Ct. Crim. App. R. 4.2. Moore's AEDPA limitations period thus expired on September 27, 2006. Moore did not file his habeas petition until May 20, 2011, more than four years late.

Moore does not argue on appeal that he qualifies for equitable tolling; nor do we see any basis in the record for tolling the limitations period on equitable grounds. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"). His state post-conviction applications were not filed until after the AEDPA limitations period expired, and thus do not provide a basis for statutory tolling. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) (state post-conviction proceedings toll AEDPA statute of limitations only when "filed within the one year allowed by AEDPA").

### III

Because Moore's habeas petition was untimely, we **DENY** his request for a COA and **DISMISS** the appeal. Moore has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), and we accordingly **DENY** his motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge